**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4082

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

DAYMEON DAMAR JOHNSON, a/k/a Daymeon Johnson,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:16-cr-00163-1)

Submitted:  September 27, 2018           Decided:  October 5, 2018

Before NIEMEYER, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John A. Carr, JOHN A. CARR ATTORNEY AT LAW, Charleston, West Virginia, for Appellant.  Joshua Clarke Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daymeon Damar Johnson pled guilty, pursuant to a written plea agreement, to conspiracy to knowingly and intentionally distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (2012). Johnson was sentenced to 168 months' imprisonment. Johnson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Johnson received ineffective assistance of counsel. Johnson filed a pro se informal brief raising several issues concerning his sentence. The Government did not file a brief. Finding no error, we affirm.

We "routinely decline to address on direct appeal a criminal defendant's contention that counsel has performed in an ineffective manner, unless the lawyer's ineffectiveness conclusively appears from the record." *United States v. Brown*, 757 F.3d 183, 191 (4th Cir. 2014) (internal quotation marks omitted). Because nothing in the record suggests that counsel performed ineffectively, we decline to address this issue.

Regarding Johnson's claims against his sentence, we review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence. *Id.* at 51. Procedural errors include improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, choosing a sentence based on facts that are clearly erroneous, or failing to sufficiently explain the chosen sentence. *United States v. Zuk*, 874 F.3d 398,

409 (4th Cir. 2017). Only if the sentence is free of "significant procedural error" do we review the substantive reasonableness of the sentence, under a "totality of the circumstances" standard. *Gall*, 552 U.S. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable; this presumption is rebutted only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

We have reviewed all the factors that supported the Guidelines sentence as adopted by the district court and find no error. We further conclude that the court's explanation for imposing a sentence within the Guidelines was sufficient. Additionally, we have reviewed Johnson's challenges to his sentence and find them to be without merit. Accordingly, we find the sentence was both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*